**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X   Case No.  15-cv-04778
RAMON MEJIA,

                                        Plaintiff,

                                                                    **COMPLAINT**

                  -against-



ENHANCED RECOVERY COMPANY, LLC.,

                                        Defendant.
----------------------------------------------------------------------X

            Plaintiff,  by  and  through  his  attorneys,  FAGENSON  &  PUGLISI,  upon

knowledge as to himself and his own acts, and as to all other matters upon information and

belief, brings this complaint against above-named defendant and in support thereof alleges the

following:

                                    INTRODUCTION

            1.          That this is an action for damages brought by an individual

consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and

unfair acts and practices.

            2.          That, further, this is an action for damages and injunctive relief brought by

an  individual  consumer  against  defendant  pursuant  to  New  York  General  Business  Law

("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.      That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.      That plaintiff is a natural person who resides in this District.

6.      That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendant to owe a financial obligation.

7.      That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is a defaulted debt, originally incurred, if at all, for personal, family or household purposes.

8.      That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.     That defendant uses the mail and other means to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11.     That the principal purpose of defendant's business is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

12.     That defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.     That upon information and belief, defendant is a foreign limited liability company incorporated in Delaware.

FACTUAL ALLEGATIONS

14.     That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15.     That plaintiff held a wireless telephone account with Sprint Nextel.

16.     That there came a time when Sprint Nextel ("Sprint") claimed that plaintiff's account had fallen into default.

17.     That thereafter, plaintiff consulted with his attorneys at Fagenson & Puglisi.

18.     That by letter dated June 13, 2013 Concetta Puglisi, Esq. wrote to Sprint, informing Sprint that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt.

19.     That in the letter Ms. Puglisi requested that plaintiff not be contacted directly concerning the debt.

20.     That in the letter Ms. Puglisi also requested documentation supporting Sprint's claims.

21.     That by letter dated July 2, 2013 Sprint wrote to Ms. Puglisi acknowledging receipt of her letter.

22.     That by said letter, Sprint also requested an authorization or a release in order to provide the documentation requested by Ms. Puglisi.

23.     That by letter dated July 5, 2013 Fagenson & Puglisi responded to Sprint and provided the release requested.

24.     That in or around January 2014 Fagenson & Puglisi also wrote a representation and dispute letter to a debt collector for Sprint.

25.     That by letter dated June 18, 2014, defendant wrote to plaintiff concerning the same alleged Sprint debt.

26.     That defendant mailed the letter directly to plaintiff.

27.     That defendant mailed the letter to plaintiff at his home.

28.     That, on information and belief, Sprint informed defendant that plaintiff was represented by Fagenson & Puglisi before defendant sent its letter to plaintiff.

29.     That, on information and belief, Sprint informed defendant that plaintiff was represented by counsel before defendant sent its letter to plaintiff.

30.     That defendant knew that plaintiff was represented by counsel concerning the debt before defendant sent its letter dated June 18, 2014 to plaintiff.

31.     That defendant ought to have known that plaintiff was represented by counsel concerning the debt before defendant sent its letter dated June 18, 2014 to plaintiff.

32.     That upon receipt of defendant's letter plaintiff felt surprise, irritation, confusion and a sense of being harassed and deceived by defendant.

AS AND FOR A FIRST CAUSE OF ACTION

Improper Direct Communication with Plaintiff

15 U.S.C. § 1692c(a)(2)

33.     That plaintiff re-alleges paragraphs 1-32 as if fully re-stated herein.

34.     That Sprint knew that plaintiff was represented by counsel and should not be contacted directly.

35.     That Sprint informed defendant of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

36.     That defendant knew of plaintiff's legal representation before defendant sent its letter directly to plaintiff.

37.     That, in any event, defendant had an affirmative duty to inquire of Sprint whether plaintiff was represented by counsel in the matter, before defendant communicated with plaintiff directly.

38.     That defendant did not inquire of Sprint whether plaintiff was represented by counsel before defendant sent its collection letter directly to plaintiff.

39.     That defendant sent the letter dated June 18, 2014 directly to plaintiff at his home notwithstanding its knowledge that plaintiff was represented by counsel, thereby violating the FDCPA, § 1692c(a)(2).

40.     That defendant is further in violation of the FDCPA, § 1692e(10) in that defendant's conduct in contacting plaintiff directly through its letter dated June 18, 2014, after knowledge of attorney representation, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into communicating with defendant directly in disregard of the representation of his counsel.

41.     That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

42.     That plaintiff re-alleges paragraphs 1 to 41 as if fully re-stated herein.

43.     That defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

44.     That defendant breached its duty to collect plaintiff's debt with reasonable care.

45.     That in the exercise of reasonable care defendant ought to have ensured that for any account on which an attorney represented the consumer any communication by defendant was made with the attorney, and not with the consumer directly.

46.     That the fact that defendant contacted plaintiff directly regarding the same debt for which he had attorney representation indicates a failure on the part of defendant to comply with or to perform its duty to effect collection of the debt with reasonable care.

47.     That, on information and belief, Sprint places tens, if not hundreds, of consumer accounts of New York residents each month with defendant for collection.

48.     That defendant's act of communicating with plaintiff directly is a deceptive and misleading act and practice.

49.     That said deceptive and misleading act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

50.     That defendant's deceptive and misleading act and practice was consumer-oriented, in that defendant's act of communicating with a legally-represented consumer directly despite knowledge that he is represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which Sprint placed with defendant for collection and on which there was legal representation.

51.     That defendant maintained no agreement or procedure with Sprint to ensure that Sprint does not place with defendant accounts of legally–represented consumers for collection or, in the alternative, to ensure that defendant does not communicate directly with legally represented consumers.

52.     That defendant's said conduct of communicating directly with legally-represented consumers has a broad impact on consumers at large whose accounts are placed by Sprint with defendant for collection and who are represented by counsel in the matter of the collection of their Sprint debt.

53.     That defendant owes a duty to plaintiff to honor his right to legal representation and defendant's failure to honor said right resulted in defendant sending its letter to plaintiff at his home, thereby improperly encouraging plaintiff to contact defendant directly about the debt for which he had the representation of counsel.

54.     That, therefore, defendant's failure to honor plaintiff's legal representation and its sending of the letter dated June 18, 2014 to plaintiff at his home was deceptive and misleading in a material way.

55.     That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

56.     That upon receipt of defendant's letter dated June 18, 2014 plaintiff felt surprise, irritation, confusion and a sense of being harassed and deceived by defendant.

57.     That defendant violated NYGBL § 349(a) by its sending of its letter dated June 18, 2014 and is liable to plaintiff under NYGBL § 349(h).

58.     That in that defendant maintained no agreement or procedure with Sprint to ensure that Sprint does not place with defendant accounts of legally–represented consumers for collection or, in the alternative, to ensure that defendant does not communicate directly with legally-represented consumers, defendant acted willfully or knowingly in its violation of NYGBL § 349(a).

59.      That as a result of the above violations, defendant is liable to plaintiff for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     awarding statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(b)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)     enjoining defendant from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e)        enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)        awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)        in the alternative, awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)        awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(i)        for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.


Dated: New York, New York
       June 18, 2015.


                /s/  *Novlette R. Kidd*
                NOVLETTE R. KIDD, ESQ. (NK 9339)
                FAGENSON & PUGLISI
                Attorneys for Plaintiff
                450 Seventh Avenue, Suite 704
                New York, New York 10123
                Telephone: (212) 268-2128
                Nkidd@fagensonpuglisi.com